**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

TERRANCE COLEY,

    Petitioner,

v.

                        CASE NO.  8:04-CV-920-T-30-MSS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## **ORDER**

    Petitioner, TERRANCE COLEY ("Petitioner" or "Coley"), a Florida prison inmate proceeding *pro se*, brings this habeas corpus petition pursuant to 28 U.S.C. § 2254 (Dkt. 1) challenging his state convictions arising out of the Sixth Judicial Circuit Court for Pinellas County, Florida, case number 98-01054 CF.  The Respondents have responded (Dkt. 5), and Petitioner has replied (Dkt. 7).

    A recitation of the procedural history of Petitioner's criminal conviction is not necessary to the resolution of his habeas claims because Respondent does not dispute the timeliness of the petition and there are only a few operative facts that control the court's decision in this case.

## Standard of Review

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. See Penry v. Johnson, 532 U.S. 782, 792 (2001); Henderson v. Campbell, 353 F.3d 880, 889-90 (11th Cir. 2003).

"In the post AEDPA era, [federal habeas courts] do not conduct an independent review of claims that have been addressed on the merits by the state courts." Breedlove v. Moore, 279 F.3d 952 (11th Cir. 2002).  Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Price v. Vincent, 538 U.S. 634, 638-39 (2003); Clark v. Crosby, 335 F.3d 1303, 1308 (11th Cir. 2003).  Even where a state court denies an

application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. Wright v. Sec. Dep't of Corrs., 278 F.3d 1245, 1255 (11th Cir. 2002).  Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); Henderson, 353 F.3d at 890-91.

"Clearly established Federal law" is the governing legal principle, not the dicta, set forth by the United States Supreme Court at the time the state court issues its decision.  Lockyer v. Andrade, 538 U.S.63, 71-72 (2003).  Where no Supreme Court precedent is on point, or the precedent is ambiguous, it cannot be said that the state court's conclusion is contrary to clearly established governing federal law. Mitchell v. Esparza, 540 U.S. 12, 17 (2003).

A state court decision is "contrary to" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. Esparza, 540 U.S. at 17 (citing Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).  A state court does not have to cite the Supreme Court precedent, or even be aware of it, so long as neither its reasoning nor its result contradicts Supreme Court precedent.  Early v. Packer, 537 U.S. 3, 8 (2002);

Esparza, 540 U.S. at 17; Parker v. Sec'y of Dep't of Corr., 331 F.3d 764, 775-76 (11th Cir. 2003).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. at 411. A state court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from Supreme Court cases but unreasonably applies it to the facts of the particular inmate's case; or if the state court either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply; or unreasonably refuses to extend that principle to a new context where it should apply. Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000). The "unreasonable application" inquiry requires the state court decision to be more than incorrect or erroneous; it must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. at 75-77; Williams v. Taylor, 529 U.S. at 409-10; Penry v. Johnson, 532 U.S. at 791-792; Woodford v. Visciotti, 537 U.S. at 25; Esparza, 540 U.S. at 18; Price v. Vincent, 538 U.S. at 639.

Whether a state court's decision was unreasonable must be assessed in light of the record the court had before it. *See* Holland v. Jackson, 542 U.S. 649, 652 (2004) (citing Yarborough v. Gentry, 540 U.S. 1 (2003)) (per curiam) (denying relief where state court's application of federal law was supported by the record); Miller-El

v. Cockrell, 537 U.S. 322, 348 (2003) (reasonableness of state court's factual finding assessed "in light of the record before the court"); *cf.* Bell v. Cone, 535 U.S. at 697, n. 4 (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

A petitioner has the burden of overcoming all state court factual determinations by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Henderson v. Campbell, 353 F.3d 880, 890-91 (11th Cir. 2003). The statutory presumption of correctness applies only to findings of fact made by the state court, not to mixed determinations of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), *cert denied*, 534 U.S. 1046 (2001).

## Discussion

Since Petitioner's conviction was entered after AEDPA was enacted, his petition is subject to the provisions of the AEDPA. Where a state court initially considered the issues raised in the petition and entered a decision on the merits, § 2254(d) governs the review of Petitioner's claim. *See* Mobley v. Head, 267 F.3d 1312, 1316 (11th Cir. 2001).

**GROUND ONE:** Whether the state court acted contrary to existing law when it determined, without a hearing, that Petitioner had waived his motions to dismiss counsel resulting in an involuntary and unknowing plea.

In this 28 U.S.C. § 2254 motion, Petitioner alleges that the trial court incorrectly applied Florida law when the court determined that upon entry of his nolo contendere plea, Petitioner waived pending motions to dismiss trial counsel based on ineffective assistance of counsel. Petitioner raised this claim on direct appeal, but did not raise the issue in his 3.850 motion. (Dkt. 5, ex. 3, ex. 10). The issue before this Court is whether it was a violation of Petitioner's federal constitutional rights when the trial court determined that by, pleading nolo contendere, Petitioner waived his pending motions to dismiss counsel.

In a federal habeas petition, Petitioner is not barred from raising ineffective assistance of counsel claims that relate to the voluntary and knowing nature of the plea, and the voluntariness depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 56 (1985); Salkay v. Wainright, 552 F.2d 151, 153 (5th Cir. 1977). However, once the court determines that Petitioner's plea was knowing and voluntary, Petitioner is prevented from raising claims in a habeas petition regarding constitutional violations relating to events that occurred prior to the plea. *See* Tollett v. Henderson, 411 U.S. 258, 266 (1973)*;* Stanley v. Wainright, 604 F.2d 379, 381 (5th Cir. 1979).

Petitioner filed motions to dismiss counsel on November 5, 1997, and January 23, 1998. (Dkt. 5, ex. 1, pp. 14-16, 19-20). At Petitioner's change of plea hearing on February 3, 1998, Petitioner plead nolo contendere to all charges. (Dkt.

5, ex. 1 pp. 21-22). At the plea hearing, Petitioner did not mention or argue the merits of his pending motions to dismiss defense counsel.

According to the change of plea form that Petitioner signed, Petitioner was notified of the rights he waived upon entering a plea.  The plea form states: "I am satisfied with my lawyer's advice and help concerning my decision to change my plea, and in all matters pertaining to the above-referenced case(s)." (Dkt. 5, pp. 21-22). At the hearing, the trial judge specifically questioned Petitioner about his motivation for entering a plea, whether his attorney had advised him of the consequences of a plea, and whether he was prepared to enter a plea.

> THE COURT: Mr. Coley, you've heard the statements by your attorney and you've had an opportunity to discuss this with him.  Are you prepared to go ahead and enter your plea?
>
> THE DEFENDANT: Yes, Sir.
>
> THE COURT: Are you doing that freely and voluntarily because this is what you want to do to dispose of this matter today?
>
> THE DEFENDANT: Yes, Sir.
>
> THE COURT: You understand that by entering your plea you'll be giving up the opportunity to have a trial with a jury where you could be represented by your attorney?
>
> THE DEFENDANT: Yes, Sir.
>
> THE COURT: You understand that if you did go to trial you'd have the right to see the witnesses who would testify against you, those witnesses could be cross examined, you could present your own witnesses, you could testify yourself of you could choose not to testify, and if you chose not to testify no inference of guilt would be imposed against you as a result of that choice.
> 	Throughout the trial you would be presumed to be innocent until the State can prove through witnesses' testimony and evidence that you were guilty beyond a reasonable doubt.  Do you understand that?

> THE DEFENDANT: Yes, Sir.
>
> THE COURT: You need to sign the plea form acknowledging that you are entering your plea and waiving those rights.

(Dkt. 5, pp 63-65). Both the plea colloquy and the plea agreement prove that Petitioner knowingly and voluntarily entered his nolo contendere plea.

Petitioner's first ground has no merit, and will be denied.

**GROUND TWO:** Whether the trial court erred in accepting the state's factual basis, from facts obtained outside an evidentiary hearing and contrary to Strickland.

In ground two, Petitioner raises an issue that is two-fold. First, Petitioner claims that the trial court erred in accepting the state's factual basis from facts obtained outside an evidentiary hearing. Second, Petitioner claims that defense counsel was ineffective for advising him to plead to kidnaping counts when no factual basis for this charge was established.

In regards to Petitioner's first point, as stated *supra*, 2254(e) (1) provides for a highly deferential standard of review for factual determinations made by the state court, and Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. *See* Henderson, 353 F.3d at 890-91. The due process clause does not impose a constitutional duty on state trial judges to ascertain a factual basis before accepting a plea of nolo contendere that is not accompanied by a claim of innocence. Wallace v. Turner, 695 F.2d 545, 548 (11th Cir. 1983)(citing North Carolina v. Alford, 400 U.S. 25, 37 (1970)). States are free to adopt procedural rules requiring a factual basis, as Florida has done in Rule

3.172(a), however, the federal Constitution does not mandate them to do so, and a violation of such state procedural rules does not of itself raise constitutional questions reviewable by federal habeas courts. Wallace, 695 F.2d at 548.

When Petitioner entered his plea of nolo contendere, he accepted the facts as entered in the trial court's record. No federal claim has been raised in regards to the facts determined by the trial court, therefore this Court has no authority to evaluate Petitioner's claim.

Secondly, Petitioner alleges that defense counsel was ineffective by counseling Petitioner to plead to kidnaping when there was no factual basis for the charge. Petitioner's ineffective assistance of counsel claim is procedurally barred. Petitioner failed to raise this claim on direct appeal or in his 3.850 motion. Therefore, the state judiciary was not given the opportunity to review these federal claims. Habeas review is only available in this instance if Petitioner can show actual innocence or fundamental error. Petitioner fails to make an argument as to either exception.

Even if Petitioner's claim were not procedurally barred, it would fail. Counsel is not deficient for failing to raise an argument which runs contrary to the law or controlling precedent at trial or on appeal. *See* Jones v. Barnes, 463 U.S. 745 (1983); U.S. v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992)(finding an attorney was not ineffective for failing to argue a meritless issue). There is no federal constitutional requirement that a state court place a factual basis in the record before

accepting a nolo contendere plea.  <u>Wallace v. Turner</u>, 695 F.2d 545, 548 (11th Cir. 1983).

Therefore, ground two will be denied.

## **CONCLUSION**

Having reviewed the record, applicable statutes, and controlling case law, this Court finds Petitioner has failed to establish he is entitled to federal habeas relief under 28 U.S.C. § §2254.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Writ of Habeas Corpus (Dkt. 1) is **DENIED**.

2. The **Clerk** is directed to enter judgment against Petitioner, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on April 9, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

F:\Docs\2004\04-cv-920.deny 2254.wpd